IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LESHAWN STRADFORD,** | ) | CASE NO. 1:23 CV 2131 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **SOCIAL SECURITY,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff LeShawn Stradford filed this action against "Social Security." His entire Complaint is one sentence: "Columbus Ohio denied me of my benefits contain to the federal industry corruption." (Doc. No. 1). He does not assert any legal claims, nor does he indicate the relief he seeks. The Commissioner of Social Security filed a Motion to Dismiss, asserting that Plaintiff's Complaint does not meet minimum pleading requirements and fails to establish a basis for federal court subject matter jurisdiction. (Doc. No. 4). For the reasons stated below, the Motion to Dismiss is granted.

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept

all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

Plaintiff's Complaint fails to meet the basic pleading requirements under Federal Civil Procedure Rule 8 to state a claim for relief. At a minimum, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the facts upon which those claims rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint is missing both of these requirements. As written, it fails to state a claim upon which relief may be granted.

Furthermore, if Plaintiff is seeking review of a denial of social security benefits by the Social Security Administration, this Court lacks jurisdiction to consider his request. Federal

District Courts have jurisdiction to review a denial of social security benefits only if the Plaintiff exhausted his administrative remedies, and the Commissioner of Social Security issued a final decision. *Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)). Plaintiff's Complaint does not indicate that either of these things occurred.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, Defendant's Motion to Dismiss (Doc. No. 4) is granted, and this action is dismissed. The Court certifies to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

December 18, 2024

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE